UNITED STATES DISTRICT COURT
for the
DISTRICT OF CONNECTICUT

| | |
|---|---|
| CAROL CONNELLY,<br>    Plaintiff, | :<br>:<br>: |
| v. | :   CIVIL NO. 3:03CV0551(JCH)<br>: |
| IKON OFFICE SOLUTIONS, INC.<br>    Defendant. | :<br>:   APRIL 6, 2004<br>: |

## AFFIDAVIT OF SARAH ALLEN

SARAH ALLEN, being duly sworn and according to law, deposes and says:

1. I am over the age of 18 and believe in the obligation of an oath. This Affidavit is submitted in support of IKON's Memorandum of Law in Support of its Motion for Summary Judgment ("Memorandum") in the above-captioned matter.

2. At all times relevant to this matter, I have been employed by IKON Office Solutions, Inc. ("IKON") as the Human Resources Manager for the Connecticut Marketplace.

3. Plaintiff Carol Connelly began working for IKON on November 18, 2002 as a Corporate Recruiter/Trainer for the Southwestern Connecticut territory.

4. The Southwestern Connecticut territory included Milford and Stamford, CT.

5. I received a complaint from Carol Connelly by e-mail dated Saturday, January 25, 2003 titled "Meeting on 1.23.03," regarding a January 23, 2003 meeting with Kimberly Fordham and Richard Silva. Plaintiff carbon copied Ms. Fordham and

Mr. Silva on this e-mail. I affirm that a true and correct copy of that e-mail is attached as Exhibit B-1.

6. On Friday, January 24, 2003, Kimberly LaFleur, an IKON Senior Integrated Account Manager, contacted me to complain that Carol Connelly was sexually harassing her.

7. I affirm that a true and correct copy of my notes from that telephone conversation with Kimberly LaFleur and subsequent investigation of her claim is attached as Exhibit B-2.

8. I was carbon copied on an e-mail dated Saturday, January 25, 2003 titled "Interviewing," from Carol Connelly to Kimberly LaFleur containing accusations that Kimberly LaFleur had lied about the reasons why candidates for the receptionist job at Wiggin & Dana LLC were rejected.

9. On Monday January 27, 2003, I responded via e-mail to both of Plaintiff's e-mails dated January 25, 2003. I asked Plaintiff to call me as soon as possible to schedule a meeting to discuss her complaints. I affirm that a true and correct copy of this e-mail is attached as Exhibit B-3.

10. By e-mail dated Tuesday January 28, 2003, Plaintiff responded to my January 27, 2003 e-mail by informing me that she was taking a leave of absence from work through February 3, 2003, and would like to wait until then to meet with me. I affirm that a true and correct copy of this e-mail is attached as Exhibit B-4.

11. By e-mail dated January 31, 2003, Plaintiff notified me that she intended to remain out of work until February 10, 2003. I scheduled a meeting with Plaintiff for 10:00 a.m. on that date to discuss her concerns.

12. I received a voice mail message at 9:20 a.m. on February 10, 2003 from Plaintiff, in which she indicated that she would not be returning to work. In addition, Plaintiff indicated that she would not return to work until February 13, 1003.

13. On February 12, 2003, I sent Plaintiff a letter via e-mail re-scheduling the February 10, 2003 meeting to February 14, 2003. I affirm that a true and correct copy of that letter is attached as Exhibit B-5.

14. On February 12, 2003, Plaintiff informed me that she would be out of work until February 19, 2003.

15. By letter dated February 13, 2003, I requested that Plaintiff contact me by the close of business on February 17, 2003 to arrange a meeting. I affirm that a true and correct copy of that letter is attached as Exhibit B-6.

16. While I awaited Plaintiff's contact to arrange a meeting, I proceeded with an investigation into the concerns raised by Plaintiff.

17. On February 18, 2003, I interviewed Tom Magel, Kimberly LaFleur, and Kimberly Fordham. I affirm that a true and correct copy of the notes I took during those interviews is attached as Exhibit B-7.

18. I received a voice mail message on February 18, 2003 from Plaintiff in which she stated that she did not want me to conduct the investigation into her claims. Plaintiff insisted on a meeting with an alternative human resources representative.

19. To accommodate Plaintiff's request, Mai White, my supervisor, took over the investigation into Plaintiff's concerns. I turned my investigation notes over to Ms. White.

20. I was carbon copied on an e-mail from Plaintiff to Ms. White dated Saturday,

      March 8, 2003, in which Plaintiff indicated that she wanted some changes made to Ms. White's investigative findings.

23. Because Ms. White was on vacation the week of March 10, 2003, I responded to Plaintiff's March 8, 2003 e-mail via e-mail dated March 11, 2003.

24. In that response, I informed Plaintiff that Ms. White's investigative findings were final, and that IKON wanted Plaintiff to return to work. I reminded Plaintiff that IKON had accommodated her desire to report to a different work site. I told Plaintiff that if she would like to continue to report to the Milford location, that could be arranged. I affirm that a true and correct copy of my March 11, 2003 e-mail response is attached as Exhibit B-8.

_____
SARAH ALLEN

Sworn to before me
this 6 day of April 2004.

_____
Notary Public/Commissioner of the Superior Court
My Commission Expires: 3/31/09

## CERTIFICATION OF SERVICE

This is to certify that a copy of the foregoing was sent by first class mail, postage prepaid, on this 8th day of April, 2004 to the following counsel of record:

>Cynthia R. Jennings, Esq.
>The Barrister Law Group, LLC
>211 State Street
>Bridgeport, CT 06604

*Margaret J. Strange*
Margaret J. Strange