UNITED STATES DISTRICT COURT
for the
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| CAROL CONNELLY,<br>　　　Plaintiff, | : | |
| | : | |
| | : | CIVIL NO. 3:03CV0551(JCH) |
| v. | : | |
| | : | |
| IKON OFFICE SOLUTIONS, INC.<br>　　　Defendant. | : | APRIL 5, 2004 |
| | : | |

## **AFFIDAVIT OF KIMBERLY LAFLEUR**

KIMBERLEY LAFLEUR, being duly sworn and according to law, deposes and says:

1.　　I am over the age of 18 and believe in the obligation of an oath. This Affidavit is submitted in support of IKON's Memorandum of Law in Support of its Motion for Summary Judgment ("Memorandum") in the above-captioned matter.

2.　　At all times relevant to this matter, I have been employed by IKON Office Solutions, Inc. ("IKON") as a Senior Integrated Account Manager for the Southwestern Connecticut Marketplace.

3.　　One of Plaintiff Carol Connelly's initial recruiting assignments was for a receptionist position in the Stamford office of Wiggin & Dana LLC, an IKON client.

4.　　As the designated liaison between Wiggin & Dana LLC and IKON, I worked with Plaintiff on filling this position.

5.　　Trudy Muhlbauer was the Human Resources Director for Wiggin & Dana LLC and the client contact with whom I was working to fill the position.

1

6.  Plaintiff began recruiting candidates for the Wiggin & Dana position in early December of 2002.

7.  By mid-January 2003, Plaintiff had failed to provide any acceptable candidates for the receptionist position.

8.  By e-mail dated Wednesday, January 22, 2003, Plaintiff asked me why three candidates she had presented were not offered the position. I affirm that a true and correct copy of that e-mail is attached as Exhibit D-1.

9.  By e-mail dated Friday, January 24, 2003, I responded to Plaintiff's inquiry by explaining that one candidate was not hired because Plaintiff had ignored protocol and sent the candidate directly to Wiggin & Dana without first scheduling an interview with Ms. LaFleur or completing an IKON application. With respect to the other two candidates, I explained that neither I nor the Ms. Muhlbauer, felt they possessed the professional qualities needed to be a receptionist for the firm. I affirm that a true and correct copy of my January 24, 2003 e-mail to Plaintiff is attached as Exhibit D-2.

10. I also informed Plaintiff that I had contacted Spherion, an outside employee recruiting agency, to fill the position. Using an outside recruiting agency is not a common or favored practice at IKON because it incurs unnecessary costs. Spherion had found several other candidates with whom I and Ms. Muhlbauer would be meeting the following week.

11. The overwhelming majority of the candidates we interviewed for the Wiggin & Dana position were black. One of those candidates was Mona Jackson, a black female. The IKON employee who previously held the receptionist position at

Wiggin & Dana was black. The three finalists for the position were black. We ultimately hired a black female to fill the position.

12.   By e-mail dated Saturday, January 25, 2003, Plaintiff accused me of lying about the reasons why candidates were rejected. My supervisor, Tom Magel, as well as Richard Silva, former Regional Training Manager/Northeast Region, Kimberly Fordham, Area Training Supervisor, and Sarah Allen, the Human Resources Manager for IKON's Connecticut Marketplace, were carbon copied on this e-mail. I affirm that a true and accurate copy of Plaintiff's e-mail dated January 25, 2003 is attached as Exhibit D-3.

_____
KIMBERLY LAFLEUR

Sworn to before me
this 5/1 day of April 2004.

_2/26/2006_
Notary Public/Commissioner of the Superior Court
My Commission Expires:

CERTIFICATION OF SERVICE

This is to certify that a copy of the foregoing was sent by first class mail,

postage prepaid, on this 8th day of April, 2004 to the following counsel of record:

Cynthia R. Jennings, Esq.
The Barrister Law Group, LLC
211 State Street
Bridgeport, CT 06604


_Margaret J. Strange_
Margaret J. Strange