UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

FILED

2004 MAY 27 P 2: 29

U.S. DISTRICT COURT
BRIDGEPORT, CONN

| CAROL CONNELY, | : | CIVIL ACTION NO: |
| --- | --- | --- |
| Plaintiff | : | 3:03CV0551 (JCH) |
| Vs. | : | |
| IKON OFFICE SOLUTIONS, INC. | : | |
| Defendants, | : | |
| | : | May 27, 2004 |

## Plaintiff's Local Rule 9 ( c )2 Statement

1. Admit
2. Admit
3. Admit
4. Admit
5. Admit
6. Admit
7. Admit
8. Admit
9. Admit
10. Admit
11. Admit
12. Admit
13. Admit
14. Admit

15. Admit
16. Admit
17. Admit
18. Admit
19. Deny
20. Admit
21. Deny
22. Deny
23. Admit
24. Admit
25. Admit
26. Admit
27. Admit
28. Admit
29. Admit
30. Admit
31. Admit
32. Admit
33. Admit
34. Deny
35. Admit
36. Admit

2

37. Admit

38. Admit

39. Admit

40. Admit

41. Admit

42. Admit

43. Neither Admit nor Deny

44. Admit

45. Admit

46. Admit

47. Admit

48. Admit

49. Admit

50. Admit

51. Admit

52. Admit

53. Admit

54. Admit

55. Admit

56. Deny

57. Admit

58. Neither Admit nor Deny

3

Cynthia R. Jennings, Esq., (ct21797)
The Barrister Law Group, LLC
211 State Street, Bridgeport, CT
(203)334-4800, Fax (203) 368-6985
Email: Cynthia.Jennings@sbcglobal.net

59. Admit

60. Admit

61. Admit

62. Deny

63. Admit

64. Admit

65. Admit

66. Admit

67. Admit

68. Admit

69. Admit

70. Admit

71. Admit

72. Admit

73. Admit

74. Admit

75. Admit

76. Admit

77. Admit

78. Admit

79. Admit

4

Cynthia R. Jennings, Esq., (ct21797)
The Barrister Law Group, LLC
211 State Street, Bridgeport, CT
(203)334-4800, Fax (203) 368-6985
Email: Cynthia.Jennings@sbcglobal.net

## **Plaintiff's Material Facts in Dispute**

1. From November 18, 2002 when Plaintiff was hired and up and until January 23, 2003, there was never a complaint or allegation made against Plaintiff for unsatisfactory performance. As a matter of fact, Kim LaFleur stated that Plaintiff was doing an "outstanding" job. (See Exhibit 1)

2. The client, Wiggin & Dana stated that there was a need to find the "right" person for a position as receptionist at their firm in Stamford and that this demand was in no way a reflection on Plaintiff's work ethics. (See Exhibit 2) Plaintiff, after studying the job description, presented as many as three different pre-qualified candidates that were also interviewed by Kim LaFleur. (See Exhibits 3 and 4) The client Wiggin and Dana did not approve of any of these candidates and openly voices their prejudices against the candidates.

3. Plaintiff followed the Human Resources procedure of documenting the reasoning of the client for not hiring any of the chosen candidates (See Exhibit 5) Plaintiff questioned Kim LaFleur as to why the candidates were not chosen and documented the discriminatory comments made by Wiggin & Dana. (See Exhibit 6)

4. Although Plaintiff did not agree with the discriminatory practices, Plaintiff still maintained professionalism and asked if there was another source she could use to help the client find the "right" candidate. (See Exhibit 7) Kim LaFleur outsourced this job offering to Spherion not because Plaintiff could not do the job, but because the client was putting pressure on Ikon Office Solutions, Inc. to find the "right" candidate. (See Exhibit 7)

5. Needless to say, Wiggin & Dana was being discriminatory about hiring someone for the receptionist position. A candidate, Maribell, who worked for Wiggin & Dana for five years and knew the mainframe and workings of the firm was not considered for the job although she requested it numerous times. (See Exhibit 8)

6. Once the client, Wiggin & Dana's representative Trudy decided that they no longer wanted Kim LaFleur of Ikon Office Solutions, Inc. to interview clients on their behalf, Kim LaFleur inappropriately offered a qualified person to Wiggin & Dana (See Exhibit 9)

5

Cynthia R. Jennings, Esq., (ct21797)
The Barrister Law Group, LLC
211 State Street, Bridgeport, CT
203)334-4800, Fax (203) 368-6985
Email: Cynthia.Jennings@sbcglobal.net

7. It was after the problems with Wiggin & Dana that Kim LaFleur started having alleged problems with Plaintiff. When Plaintiff stated that she would not be part of an illegal discriminatory act, Kim LaFleur reported false accusations against Plaintiff. (See Exhibit 10)

8. Plaintiff repeatedly questioned Kim LaFleur about the discrimination practices of Wiggin & Dana, however, Kim LaFleur was more interested in keeping the account than fixing the problem. (See Exhibit 11)

9. Plaintiff followed all guidelines as set forth for Ikon Office Solutions, Inc. employees and repeatedly reported the misconduct to Kim Fordham. (See Exhibit 12)

10. Plaintiff continued to work with Kim LaFleur as instructed and on January 9, 2003 Plaintiff was asked by Kim LaFleur to meet her sexual partner who was a woman and was propositioned by Kim LaFleur. Plaintiff strongly refused and asked Kim LaFleur to take her back to the workplace. (See Exhibit 13)

11. Plaintiff continued to question the discriminatory practices being allowed by Human Resource department and Kim LaFleur told Plaintiff that the client Wiggin & Dana was the cause and that they had made racial comments about the qualified candidates. Once again, Plaintiff objected to this injustice and was told that the account was too important to lose. (See Exhibit 14)

12. When Plaintiff could not stop the discrimination, Plaintiff followed all guidelines and reported said discrimination to Kim Fordham (See Exhibit 15)

13. After Plaintiff complained about the racial discrimination, Kim LaFleur began retaliating against the Plaintiff. Kim LaFleur then removed Plaintiff from the client, Wiggin & Dana. (See Exhibit 16)

14. On January 23, 2003, Plaintiff met with Kim Fordham, R. Silver and Kim LaFleur to discuss complaints made against Plaintiff. Plaintiff was asked to sign the warning document. After three hours, after examination and discussions were had with all involved, R. Silver realized that the allegations were false and threw away the paper that was to be signed as a written warning. (See Exhibit 17)

6

15.  The Plaintiff felt insulted and fatigued by the three-hour meeting that was held in retaliation of her speaking up against the discriminatory acts being aided and abetted to by the firm.. Plaintiff sought medical attention for it. (See Exhibit 18)

16.  Plaintiff spoke with Ikon Office Solutions, Inc. representative Sarah Allen and Plaintiff was told that her location would be changed and that Kim LaFleur would be terminated. Plaintiff was never dismissed or terminated. (See Exhibit 19)

17.  Plaintiff met with Mai White, a supervisor at Ikon Office Solutions, Inc. to discuss the discrimination that she was personally being subject to. After an investigation, the accusations placed upon Plaintiff were found false. (See Exhibit 20)

18.  Plaintiff reported discriminatory acts to everyone who was in a position to address the problem. Instead, Plaintiff was retaliated against. (See Exhibit 21)

19.  Plaintiff suffered emotional and physical damage due to the stress placed upon her by Defendants (See Exhibit 22)

20.  Plaintiff was at no time terminated from Ikon Office Solutions, Inc. (See Exhibit 23) Plaintiff received full pay up and until June, 2003. (See Exhibit 24) Plaintiff continues to receive health benefits from Ikon Office Solutions, Inc. Plaintiff's only reason for not returning to work is due to Sarah Allen, a supervisor at Ikon Office Solutions, Inc. telling not to return until a full investigation is finished. (See Exhibit 25)

21.  Plaintiff never had any adverse employment action taken against her during her whole time employed by Ikon Office Solutions, Inc. Offices Solutions, Inc. In fact, Plaintiff has a promotion recommendation by Joe Manglass in her file. (See Exhibit 26)

22.  Plaintiff never agreed to release her employment with Ikon Office Solutions, Inc. (See Exhibit 27) In fact, Plaintiff, in her Statement of Remedy to the Commission of Human Rights, states that she would like the reinstatement of her job. (See Exhibit 28)

7

Cynthia R. Jennings, Esq., (ct21797)
The Barrister Law Group, LLC
211 State Street, Bridgeport, CT
(203)334-4800, Fax (203) 368-6985
Email: Cynthia.Jennings@sbcglobal.net

...

FOR PLAINTIFF
CAROL CONNELLY

*[signature]*

CYNTHIA R. JENNINGS, ESQ.(CT21797)
THE BARRISTER LAW GROUP, LLC
211 State Street
Bridgeport, CT  06604
(203)334-4800(o) – (203)368-6985 (f)
Cynthia.Jennings@sbcglobal.net
HER ATTORNEY

## CERTIFICATION

This is to certify that the above Plaintiff's Local Rule 9 ( c )2 Statement was mailed by first class mail to the following on May 27, 2004:

Margaret J. Strange, Esq.,
Holly L. Cini, Esq.,
JACKSON LEWIS LLP
55 Farmington Avenue
Suite 1200
Hartford, CT  06105
Tel:860-522-0404
Fax:860-247-1330

*[signature]*

Cynthia R. Jennings, Esq.

8