UNITED STATES DISTRICT COURT
for the
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| CAROL CONNELLY,<br>        Plaintiff, | : | |
| | : | |
| | : | CIVIL NO. 3:03CV0551(JCH) |
| v. | : | |
| | : | |
| IKON OFFICE SOLUTIONS, INC. | : | |
|        Defendant. | : | JUNE 14, 2004 |
| | : | |

## DEFENDANT'S REPLY MEMORANDUM IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT

Pursuant to Local Rule 7(d) of this Court, Defendant, IKON Office Solutions, Inc. respectfully submits the following Reply Memorandum of Law in Support of Defendant's Motion for Summary Judgment.

The narrow legal issue in front of this Court is whether there are disputed, material facts which preclude judgment on Plaintiff's retaliation and emotional distress claims. There are no such facts. Plaintiff's Objection admits all of the critical facts in this matter, and contains no persuasive authority to defeat summary judgment. Plaintiff concedes, for example, that she *"[w]as at no time terminated from Ikon (sic) Office Solutions, Inc."* and *"[n]ever had any adverse employment action taken against her during her whole time employment by Ikon (sic) Office Solutions, Inc."* (Pl.'s Material Facts in Dispute ¶¶20, 21). These admissions are fatal to Plaintiff's retaliation claim. Plaintiff similarly provides no evidence to support her emotional distress claim. Summary Judgment is appropriate in this matter.

A.   Plaintiff's Objection Fails to Create a Material Issue of Fact Precluding Summary Judgment

In attempting to demonstrate an issue of material fact, Plaintiff relies on her Local Rule 56(a)(2) Statement,[1] her U.S. District Court complaint, her CHRO complaint, and some e-mails and handwritten notes that are neither sworn nor attested to in any manner. Nothing in these documents contradicts any of the material facts set forth in IKON's Local Rule 56(a)(1) Statement.

1.   Plaintiff's Local Rule 56(a)(2) Statement Fails To Adequately Controvert the Facts Put Forth By IKON

In her Local Rule 56(a)(2) Statement, Plaintiff was required to separately state whether she "admitted or denied" each of the facts set forth in IKON's Local Rule 56(a)(1) Statement. D.Conn.L.Civ.R. 56(a)(2). Each denial in a Rule 56(a)(2) Statement is required to contain a specific citation to competent witness testimony or other admissible evidence. D.Conn.L.Civ.R. 56(a)(3). Facts set forth in a Rule 56(a)(1) Statement are in fact deemed admitted unless controverted by appropriately supported facts in the 56(a)(2) Statement. D.Conn.L.Civ.R. 56(a)(1).

Plaintiff here admits virtually all of IKON's facts. She denies only six (6) of IKON's 79 statements of fact in this matter, and does not support one of those denials with citation to any competent witness testimony or other admissible evidence.[2] All of these paragraphs should be deemed admitted based on Plaintiff's failure to controvert them with a citation to the record as required by Local Rule 56(a)(3). D.Conn.L.Civ.R. 56(a)(1).

---

[1] Defendant assumes Plaintiff intended to title the "Local Rule 9(c)2 Statement" the "Local Rule 56(a)2 Statement."

[2] Plaintiff's response to Paragraph Nos. 43 and 58 of IKON's Rule 56(a)1 Statement is "Neither Admits nor Deny." D.Conn.L.Civ.R. 56(a)2 requires that Plaintiff "admit or deny" each fact set forth in the Rule 56(a)1 Statement. Accordingly, both paragraphs should be deemed admitted.

While Plaintiff implicitly admits that she has no facts contradicting these paragraphs, she nonetheless asserts in her Objection that there are "[m]any genuine issues of dispute that remain" because IKON's facts are supported by "[s]elf-serving affidavits." (Pl.'s Obj. pg. 1). IKON supported each and every statement of fact with appropriate citations to sworn deposition testimony and documentary exhibits attested to by witnesses with first-hand knowledge of the incidents recorded therein. IKON engaged in extensive discovery to investigate this matter and develop a record for this Court's use in assessing the merit of Plaintiff's claims. Plaintiff had every opportunity to serve written discovery, depose witnesses, and otherwise investigate this case, but chose not to. To make the assertion, after having had a full opportunity to conduct discovery herself, that IKON's evidence is somehow compromised and not credible is in bad faith and, as a practical matter, would render the concept of summary judgment meaningless. See Goenaga v. March of Dimes, 51 F.3d 14, 18 (2d Cir. 1995) ("The party opposing summary judgment may not rely simply on . . . contentions that the affidavits supporting the motion are not credible . . . "); see also Celotex Corp. v. Catrett, 477 U.S. 317, 324 (1988) (holding that to defeat summary judgment, the non-movant must provide specific facts, not simply conclusory statements).

### 2. Plaintiff's Attempt to Defeat Summary Judgment With References to Her Complaint Allegations is Legally Untenable

It is well-settled that a party opposing summary judgment cannot "defeat the motion by relying on the allegations in his pleading, or on conclusory statements." Gottlieb v. County of Orange, 84 F.3d 511, 518 (2d Cir. 1996). Instead, a plaintiff must come forward with specific facts showing that there is a genuine issue of material fact for trial. Celotex, 477 U.S. at 324. A plaintiff cannot oppose summary judgment with a generalized reference to her deposition transcript. Instead, she must come forward with specific facts showing that there is a genuine

3

issue of material fact for trial. Id.; see also Bickerstaff v. Vassar College, 196 F.3d 435, 452 (2d Cir. 1999) ("Statements that are devoid of any specifics, but replete with conclusions, are insufficient to defeat a properly supported motion for summary judgment"); Gottlieb, 84 F.3d at 518 (A party opposing summary judgment cannot "defeat the motion by relying on the allegations in his pleading, or on conclusory statements").

Plaintiff has submitted no affidavits in support of her claims. Plaintiff's statement of "facts," as set forth in both her Objection and her Material Facts in Dispute, is rife with conclusory allegations without reference to any admissible evidence. Plaintiff does not support the facts in her Objection with any citation whatsoever. She references 28 exhibits in her statement of Material Facts in Dispute, none of which are admissible evidence in this matter sufficient to defeat summary judgment. Six of Plaintiff's "Exhibits" are pages from the Complaint. (Pl.'s Material Facts in Dispute ¶¶7, 8, 9, 10, 11, 12, 13, referencing Exhibits 10, 12, 13, 14, 15, 16). One of her Exhibits is a page from her complaint pending at the CHRO. (Pl.'s Material Facts in Dispute ¶22, referencing Exhibit 28). Nearly half of Plaintiff's "Exhibits" are carefully selected pages from her deposition transcript, without attestation to their efficacy. (Pl.'s Material Facts in Dispute ¶¶8, 9, 11, 19, 20, 21, 22, 23, 24, 25, 26, 17).

The remaining nine exhibits referenced in Plaintiff's Material Facts in Dispute are similarly deficient and do not create material disputes. Paragraphs 1 and 2 reference Exhibits 1 and 2 which are the same document: a January 2003 e-mail about Plaintiff's job performance for which Plaintiff provided no evidence of authenticity or admissibility. Moreover, even if this e-mail were legitimate "evidence," its content is not in dispute and it does not contain any facts material to resolution of this matter. See Regional Economic Community Action Program, Inc. v. United States of America, 294 F.3d 35, 45 (2d Cir. 2002) ("A fact is material . . . if it might

4

affect the outcome of the suit under the governing law"). The e-mail confirms IKON's position that by January of 2003, Plaintiff had not found the right person to fill the job. (IKON's Local Rule 56(a)1 Statement ¶19).

Exhibits 3, 4 and 5 referenced in Plaintiff's Material Facts in Dispute at paragraphs 2 and 3 are similarly inadmissible documents that do not contain disputed issues of fact. IKON does not dispute the content of the Stamford Receptionist job description (Exhibit 3); does not dispute the resumes of the applicants for that position (Exhibit 4); and does not dispute that Kimberly Fordham asked Kimberly LaFleur to give Plaintiff a documented explanation as to why candidates were not chosen for the position (Exhibit 5). Plaintiff's handwritten notes referenced in paragraph 3 (Exhibit 6) mirror her complaint allegations, for which she has provided no attestation or support whatsoever, and the e-mail referenced in paragraph 4 (Exhibit 7) supports IKON's position that it was forced to pay an outside placement agency because Plaintiff had not found the right person for the job. The final two exhibits referenced in paragraphs 14 and 15 (Exhibits 14 and 15) are the Employee Counseling Report and Plaintiff's e-mail stating her objection to the meeting at which that Report was discussed. Neither of these items are disputed or material to resolution of this matter.

Plaintiff's "evidence" consists of inadmissible, unsupported documents, all of which contain nothing more than conclusory allegations of prejudice and discrimination. These conclusory statements and the lack of specific citations to evidence in the record mandate disregard for Plaintiff's submissions and the facts Plaintiff attempts to support with them. D. Conn. L. Civ. R. 56(a)(3); Gottlieb v. County of Orange, 84 F.3d at 518.

B.    IKON is Entitled to Summary Judgment on Count One (Retaliation in Violation of C.G.S. §31-51q) Because Plaintiff Concedes IKON Never Took an Adverse Employment Action Against her

Plaintiff admits in her own Statement of Disputed Facts that she "[n]ever had any adverse employment action taken against her during her whole time employed by Ikon Office Solutions, Inc." (Pl.'s Material Facts in Dispute ¶ 21).[3]   This concession is dispositive of her claimed violation of an anti-retaliation statute that provides a cause of action only where an employer "subjects any employee to discipline or discharge . . . ."  Conn. Gen. Stat. §31-51q. On its face, this statute is applicable only when an employer takes an adverse action which, Plaintiff concedes, did not occur here.  Accordingly, Plaintiff's claimed §31-51q violation fails and summary judgment should enter.

C.    IKON is Entitled to Summary Judgment on Count One Because Plaintiff Concedes that IKON Did Not Engage In Discriminatory Hiring Practices

Plaintiff's §31-51q claim is based on her allegation that IKON retaliated against her for her complaint of racially discriminatory hiring practices.  However, in her Objection, Plaintiff concedes the following facts that demonstrate she could not have had a good faith belief that IKON engaged in racial discrimination:

1.    The overwhelming majority of the candidates Ms. LaFleur and Ms. Muhlbauer interviewed for the position at Wiggin & Dana were black  (Plaintiff's Local Rule 56(a) (2) Statement at ¶24);

2.    One of those candidates was Mona Jackson, a black female (¶25);

3.    The IKON employee who previously held the receptionist position at Wiggin & Dana was black (¶26);

---

[3] In a last minute attempt to save her § 31-51q claim from certain dismissal, Plaintiff claims, for the first time in her Objection, that she suffered an adverse employment action when IKON eliminated her position. (Pl.'s Obj. pp. 14-15).  This claim contradicts Plaintiff's Statement of Material Facts and is not a part of this lawsuit since Plaintiff's complaint was filed long before her termination.  Months after Plaintiff stopped reporting to work on her lawyer's instruction, IKON eliminated Plaintiff's position, among five others in the Northeast Region, as part of an organizational restructuring process.  Plaintiff has not alleged that this termination is part of her claim nor has she pled facts to support any causal connection between this job elimination and the matters set forth in her complaint.

4.    The three finalists for the position were black (¶27);

5.    The candidate IKON hired, with Wiggin & Dana's input, was black.  (¶28).

Plaintiff concedes this evidence – which IKON has supported with sworn, competent witness testimony – and then asserts that IKON took some retaliatory act against her in retaliation for her complaint about race discrimination.  If these facts are true, then IKON clearly was not engaging in the practices about which Plaintiff claims she complained.

D.    IKON is Entitled to Summary Judgment on Count One Because Plaintiff Has Not Demonstrated that the Speech upon Which She Bases the Claim Warrants Constitutional Protection

Plaintiff's alleged violation of Conn. Gen. Stat. §31-51q warrants dismissal because the speech upon which she bases this claim is nothing more than an expression of personal grievance, without the societal significance necessary to support a constitutionally cognizable claim.  Plaintiff argues that her claims relate to a matter of public concern because she "spoke out NOT about personal discrimination or a matter that affected her individually, the plaintiff spoke out about the discriminatory hiring practices of the defendant."  (Pl.'s Obj. pg. 13). As discussed in detail in IKON's Memorandum, the simple fact that Plaintiff complained about IKON's alleged treatment of others, rather than herself, does not transform her purely private concerns into constitutionally protected speech.

Plaintiff here made frivolous, unsupported complaints about IKON's hiring practices.  This was an administrative matter between her and her employer, not constitutionally protected speech.  This is one of those "[c]ases in which the complaint, even when construed most favorably to the plaintiff, does not allege speech which is of public concern" that triggers the protection afforded by §31-51q.  Sierra v. State of Connecticut, CV000803588S, 2001 Conn. Super. LEXIS 1604 (June 4, 2001).  "[A] statute that protects constitutional rights in the

workplace should not be construed so as to transform every dispute about working conditions into a constitutional question . . . ." Cotto v. United Technologies Corp., 251 Conn. at 17.

     E.     IKON is Entitled to Summary Judgment on Count One Because Plaintiff Does Not Address Her Failure to Plead or Establish That Her Alleged Exercise of Free Speech Did Not Interfere With Her Job Performance Or Her Working Relationship With IKON

IKON moved for summary judgment on the ground that Plaintiff failed to plead or establish that her alleged exercise of free speech did not interfere with her job performance or her working relationship with IKON, an essential element of her §31-51q claim. (Def.'s Mem. pp. 22-24). Plaintiff does not address this argument in her objection. As such, she has waived her right to object to this basis for summary judgment on Count One.

     F.     Count One Fails Because Plaintiff's Claims Fall Within the Exclusive Jurisdiction of the Connecticut Fair Employment Practices Act

Plaintiff attempts to bring her § 31-51q claim outside of the jurisdiction of the Connecticut Commission on Human Rights ("CHRO") by arguing that the Connecticut Fair Employment Practices Act ("CFEPA") does not apply to her claim that she was retaliated against because she "complained about discrimination of OTHERS." (Pl.'s Obj. pg. 15). To the contrary, Plaintiff's claims fit squarely within the retaliation provisions of CFEPA. As discussed at length in IKON's Memorandum, CFEPA prohibits discrimination against any person "[b]ecause such person has opposed any discriminatory employment practice or because such person has filed a complaint . . . ." Conn. Gen. Stat. §46a-60(a)(4). (Def. Mem. pp. 28-29). It also prohibits discrimination on the basis of, *inter alia*, mental or physical disability, aiding and abetting a discriminatory employment practice and harassment based on sex. Conn. Gen. Stat. §46a-60(a)(1), (5), (8). When a claim is made with respect to a protected category under the

Connecticut Fair Employment Practices Act, the exclusive remedy is in the procedures established by the act. <u>Sullivan v. Board of Police Commissioners</u>, 196 Conn. 208, 216 (1985).

Plaintiff's argument that she is not required to exhaust her administrative remedies under CFEPA because the CHRO cannot provide all of her requested relief is also unavailing. This Court has repeatedly rejected this argument. <u>Catalano v. Bedford Assoc., Inc.</u>, 9 F. Supp. 2d 133, 135-136 (D. Conn. 1998) ("The better reasoned cases hold that a plaintiff must pursue his claim through the CHRO if the CHRO can provide some, even if not all, of the requested relief. The exhaustion requirement would be meaningless if a plaintiff could avoid the statutorily prescribed process by seeking a remedy unavailable through the CHRO") (citations omitted); <u>White v. Martin</u>, 23 F. Supp. 3d 203, 206 (D. Conn. 1998) (same).

G.    <u>IKON is Entitled to Summary Judgment on Count Two (Intentional Infliction of Emotional Distress) Because IKON's Conduct Was Neither Extreme Nor Outrageous.</u>

In support of her claim for intentional infliction of emotional distress, Plaintiff offers a convoluted analysis that has virtually no relevance to the matter at bar. Rather than articulate the specific facts upon which she bases her claim that IKON's conduct was extreme and outrageous, Plaintiff states only that "A careful reading of the plaintiff's deposition demonstrates, however, more than enough factual support for the proposition that the conduct of the defendants (sic) was 'extreme and outrageous' as that term has been defined by the Connecticut courts." (Pl.'s Obj. pg. 16).

Based on the allegations in her complaint, the presumptive basis for this claim is the meeting during which she was "interrogated" by Kim Fordham and Richard Silva. (Compl. ¶¶ 30, 31, 32, 33). However, Plaintiff concedes that: "[M]s. Fordham and her supervisor, Richard Silva, met with Plaintiff *to discuss concerns Plaintiff's co-workers had expressed about*

*Plaintiff's performance*" and "[a]t the end of this meeting, . . . (both individuals) *apologized to her*." (Pl.'s Local Rule 56(a)2 Statement ¶10). Under no definition of the term does a supervisory meeting regarding performance issues that concluded with an apology when the employee got upset constitute "extreme or outrageous conduct." Plaintiff's admission of this fact is dispositive of Count Two.

Furthermore, Plaintiff's objection to dismissal of Count Two consists of a litany of case cites concerning the types of conduct that might be sufficiently "extreme and outrageous" to withstand summary judgment, none of which have any precedential value to this case. (Pl.'s Obj. pp. 16-24). [4]

As discussed in detail in Defendant's Memorandum of Law in Support of Its Motion for Summary Judgment, none of the acts alleged by Plaintiff rise, as a matter of law, to the level of extreme and outrageous conduct under well-established precedent. (Def.'s Mem. pp. 31-36).

III.    **CONCLUSION**

For all of the foregoing reasons, IKON respectfully requests that this Court grant its Motion for Summary Judgment and dismiss Plaintiff's Complaint in its entirety.

---

[4] Plaintiff also dedicates two entire paragraphs of her objection to the argument that Plaintiff actually suffered emotional distress, an argument that IKON did not even raise in its motion for summary judgment. (Pl.'s Objection, pp. 24-25.)

DEFENDANT,
IKON OFFICE SOLUTIONS, INC.,


By: _____

Margaret J. Strange (ct 08212)
strangem@jacksonlewis.com
Holly L. Cini (ct 16388)
cinih@jacksonlewis.com
Jackson Lewis LLP
55 Farmington Avenue
Suite 1200
Hartford, CT  06105
Ph: (860) 522-0404
Fax: (860) 247-1330

CERTIFICATION OF SERVICE

This is to certify that a copy of the foregoing was sent by first class mail,

postage prepaid, on this 14th day of June, 2004 to the following counsel of record:

Cynthia R. Jennings, Esq.
The Barrister Law Group, LLC
211 State Street
Bridgeport, CT 06604

_Margaret J. Strange_
Margaret J. Strange